1  PRICE LAW GROUP, APC
2  G. Thomas Martin, III (SBN 218456)
   15760 Ventura Boulevard, Suite 1100
3  Encino, California 91436
   Telephone: 818.907.2030
4  Facsimile: 818.205.3730
5  tom@plglawfirm.com

6  Attorney for Plaintiff
7  BENJAMIN K. HABER

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  BENJAMIN K. HABER,                    Case No. CV13-9162 MAN

13          Plaintiff,                    **COMPLAINT AND DEMAND FOR**
                                          **JURY TRIAL FOR VIOLATIONS**
14      vs.                               **OF:**

15  UNITED RECOVERY SYSTEMS,
16  LP, and DOES 1 to 10, inclusive,      **1. THE FAIR DEBT COLLECTION**
                                          **PRACTICES ACT**
17          Defendant(s).                 **[15 U.S.C. § 1692]**

18

19                                        **2. THE ROSENTHAL FAIR DEBT**
20                                        **COLLECTION PRACTICES**
                                          **ACT, CAL. CIV. CODE § 1788**
21

22                                        **3. THE TELEPHONE CONSUMER**
23                                        **PROTECTION ACT**
                                          **[47 U.S.C. § 227]**
24

25                      **COMPLAINT FOR DAMAGES**

26                  **I.      INTRODUCTION**

27      1.      Benjamin K. Haber ("Plaintiff") brings this action against United

28  Recovery Systems, LP ("Defendant") for violations of the Fair Debt Collection

---

- 1 -

COMPLAINT FOR DAMAGES

1  Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Rosenthal Fair Debt Collection
2  Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 and the Telephone Consumer
3  Protection Act ("TCPA"), 47 U.S.C.  § 227.  The FDCPA prohibits false or
4  deceptive practices in connection with the collection of debts.  The TCPA is a
5  federal statute that broadly regulates the use of automated telephone equipment.
6  Among other things, the TCPA prohibits certain unsolicited marketing calls,
7  restricts the use of automatic dialers or prerecorded messages, and delegates
8  rulemaking authority to the Federal Communications Commission ("FCC").

9                    II.    **JURISDICTION AND VENUE**

10        2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which
11  states that any action to enforce liability created by the FDCPA may be brought in
12  any appropriate United States district court.  Jurisdiction of this court also arises
13  under 28 U.S.C. §§ 1331, 1337 and 1367.  Pursuant to 28 U.S.C. § 1367,
14  Jurisdiction is further proper as to Plaintiff's RFDCPA claim as it is so related to
15  Plaintiff's FDCPA claim that it forms part of the same case or controversy under
16  Article III of the United States Constitution.

17        3.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district
18  because Plaintiff resides in this District, Defendant transacts business in this
19  District and Defendant's collection communications were received by Plaintiff in
20  this District and thus, a substantial part of the events or omissions giving rise to
21  this action occurred in this District.

22                        III.    **PARTIES**

23        4.      Plaintiff is an individual residing in Burbank, Los Angeles County,
24  California 91506.  Plaintiff is a natural person obligated or allegedly obligated to
25  pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15
26  U.S.C. § 1692a(3).  Plaintiff is a natural person from whom a debt collector seeks
27  to collect a consumer debt which is due and owing or alleged to be due and owing

28

---

COMPLAINT FOR DAMAGES

1 │ from such person.  Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL.
2 │ CIV. CODE § 1788.2(h).
3 │      5.     Defendant is a foreign limited partnership, registered under the laws
4 │ of the State of Texas.  Defendant's principle place of business is 5800 North
5 │ Course Drive, Houston, Texas 77072.
6 │      6.     Defendant's principal purpose is the collection of debts and
7 │ Defendant regularly collects or attempts to collect the debts owed or due or
8 │ asserted to be owed or due another.  Defendant regularly uses the telephone and
9 │ the mail to engage in the business of collecting debt in several states including,
10 │ California.  Thus, Defendant is a "debt collector" as defined by the FDCPA, 15
11 │ U.S.C. § 1692a(6).
12 │      7.     In the ordinary course of business, regularly, on behalf of itself or
13 │ others, Defendant engages in debt collection and thus, Defendant is a "debt
14 │ collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).
15 │      8.     The true names and capacities, whether individual, corporate, or in
16 │ any other form, of Defendants DOES 1 through 10, inclusive, and each of them,
17 │ are unknown to Plaintiff, who therefore sues them by such fictitious names.
18 │ Plaintiff will seek leave to amend this Complaint to show the true names and
19 │ capacities of DOES 1 through 10 should they be discovered.

## IV.   FACTUAL ALLEGATIONS

21 │      9.     Within one year prior to the filing of this action, Defendant contacted
22 │ Plaintiff to collect a debt originally incurred with Chase Bank U.S.A., N.A.
23 │ ("alleged debt").
24 │      10.     The alleged debt is an obligation or alleged obligation of a consumer
25 │ to pay money arising out of a transaction in which the money, property,
26 │ insurance, or services which are the subject of the transaction are primarily for
27 │ personal, family, or household purposes, whether or not such obligation has been

- 3 -

COMPLAINT FOR DAMAGES

1  reduced to judgment.  Thus, the alleged debt is a "debt" as defined by 15 U.S.C. §

2  1692a(5).

3       11.    The alleged debt is money, property or their equivalent, due or

4  owing or alleged to be due or owing from a natural person by reason of a

5  consumer credit transaction, which qualifies as a "consumer debt," as defined by

6  RFDCPA, CAL. CIV. CODE § 1788.2(f).

7       12.    At all times relevant to this action, Defendant owned, operated

8  and/or controlled telephone numbers (281) 901-6993, (832) 379-5398, (832) 379-

9  5401, (832) 379-5403, (855) 355-5512, (888) 763-2425 and (888) 763-2427.  At

10  all times relevant to this action, Defendant called Plaintiff from, but not limited

11  to, telephone numbers (281) 901-6993, (832) 379-5398, (832) 379-5401, (832)

12  379-5403, (855) 355-5512, (888) 763-2425 and (888) 763-2427 for the purpose of

13  collecting the alleged debt.

14       13.    Between December 21, 2012 and January 30, 2013, Defendant called

15  Plaintiff from no less than seven (7) different numbers for the purpose of

16  collection the alleged debt.

17       14.    Defendant's practice of calling Plaintiff from multiple different

18  numbers was intended to deceive Plaintiff.  Defendant's practice of calling

19  Plaintiff from multiple different numbers mislead Plaintiff.  Defendant's practice

20  of calling consumers from multiple different numbers would be misleading to the

21  least sophisticated consumer.

22       15.    In December 2012, Plaintiff informed Defendant that Plaintiff was

23  represented by an attorney.  Plaintiff provided Defendant with Plaintiff's

24  attorney's contact information.  Plaintiff requested that Defendant cease

25  contacting Plaintiff in regards to the alleged debt.  Plaintiff requested that

26  Defendant direct any future contact directly to Plaintiff's attorney.

27       16.    On or about, but not limited to, the following dates and at the

28  following times, Defendant called Plaintiff's cellular telephone number (213)

COMPLAINT FOR DAMAGES

840-4033 for the purpose of collecting the alleged debt after Plaintiff requested that Defendant cease contacting him and after Plaintiff notified Defendant that Plaintiff was represented by an attorney in regards to the alleged debt:

    (a)    December 21, 2012 at approximately 9:54 a.m.;

    (b)    December 26, 2012 at approximately 8:49 a.m.;

    (c)    January 15, 2013 at approximately 1:33 p.m.;

    (d)    January 16, 2013 at approximately 5:22 p.m.;

    (e)    January 17, 2013 at approximately 5:19 p.m.;

    (f)    January 22, 2013 at approximately 12:35 p.m.;

    (g)    January 30, 2013 at approximately 3:44 p.m.

17.    Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiffs.

18.    Defendant's conduct as described in detail above amounted to any false, deceptive or misleading representation or means in connection with the collection of any debt.

19.    Defendant's conduct as described in detail above amounted to any false representation or deceptive means to collect a debt or obtain information about Plaintiff.

20.    Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

21.    At all times relevant to this action, while conducting business in Massachusetts, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

22.    At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA

COMPLAINT FOR DAMAGES

1  47 U.S.C. § 227(a)(1) that originated, routed and/or terminated
2  telecommunications.

3       23.    Within four years prior to the filing of this action, Defendant called
4  Plaintiff at Plaintiff's cellular telephone number (213) 840-4033 multiple times
5  using an artificial prerecorded voice or using equipment which has the capacity to
6  store or produce telephone numbers to be called, using random or sequential
7  number generator and to dial such numbers, also known as an "automatic
8  telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

9       24.    Defendant never received Plaintiff's consent to call Plaintiff on
10  Plaintiff's cellular telephone using an "automatic telephone dialing system" or an
11  "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

12       25.    Even assuming Defendant received Plaintiff's consent to call
13  Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing
14  system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227
15  (a)(1), this consent was revoked when Plaintiff requested that Defendant cease
16  calling Plaintiff in December 2012.

17       26.    Upon information and belief, at no time have Plaintiff and Defendant
18  had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

19       27.    Upon information and belief, Defendant is not a tax exempt
20  nonprofit organization.

21       28.    Defendant willfully violated the TCPA when it contacted Plaintiff's
22  cellular telephone using an "automatic telephone dialing system" or using an
23  "artificial or prerecorded voice." Defendant's conduct was willful because
24  Plaintiff requested Defendant cease contacting Plaintiff in December 2012.

25       29.    Upon information and belief, within four years prior to the filing of
26  this action, Defendant willfully and/or knowingly contacted Plaintiff no less than
27  seven (7) times at Plaintiff's cellular telephone using an "automatic telephone
28

COMPLAINT FOR DAMAGES

1  dialing system" or using an "artificial or prerecorded voice" in violation of the

2  TCPA.

### V.   **FIRST CAUSE OF ACTION**

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

5      30.   Plaintiff incorporates by reference all of the above paragraphs of this

6  Complaint as though fully stated herein.

7      31.   Defendant violated the FDCPA.  Defendant's violations include, but

8  are not limited to, the following:

9      (a)   Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with

10  a consumer in connection with the collection of any debt when the debt collector

11  knows the consumer is represented by an attorney with respect to such debt; and

12      (b)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the

13  natural consequence of which is to harass, oppress or abuse any person in

14  connection with the collection of the alleged debt; and

15      (c)   Defendant violated 15 U.S.C. §1692e by using false, deceptive, or

16  misleading representation or means in connection with the collection of the

17  alleged debt; and

18      (d)   Defendant violated 15 U.S.C. §1692e(10) by using false

19  representation or deceptive means to collect a debt or obtain information about a

20  consumer; and

21      (e)   Defendant violated 15 U.S.C. § 1692f by using unfair or

22  unconscionable means in connection with the collection of an alleged debt.

23      32.   Defendant's acts as described above were done intentionally with the

24  purpose of coercing Plaintiff to pay the alleged debt.

25      33.   As a result of the foregoing violations of the FDCPA, Defendant is

26  liable to Plaintiff for declaratory judgment that Defendant's conduct violated the

27  FDCPA, actual damages, statutory damages, and costs and attorney fees.

28

COMPLAINT FOR DAMAGES

## VI.   <u>SECOND CAUSE OF ACTION</u>

## (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)   Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)   Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)   Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2) by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt; and

(ii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(iii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

COMPLAINT FOR DAMAGES

1         (iv)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

2   U.S.C. §1692e(10) by using false representation or deceptive means to collect a

3   debt or obtain information about a consumer; and

4         (v)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

5   U.S.C. § 1692f by using unfair or unconscionable means in connection with the

6   collection of an alleged debt.

7       36.   Defendant's acts, as described above, were done intentionally with

8   the purpose of coercing Plaintiff to pay the alleged debt.

9       37.   As a result of the foregoing violations of the RFDCPA, Defendant is

10  liable to Plaintiff for declaratory judgment that Defendant's conduct violated the

11  RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

12  **VII.   <u>THIRD CAUSE OF ACTION</u>**

13  **(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

14      38.   Plaintiff incorporates by reference all of the above paragraphs of

15  this Complaint as though fully stated herein.

16      39.   Defendant violated the TCPA. Defendant's violations include, but

17  are not limited to the following:

18      (a)   Within four years prior to the filing of this action, on no less than

19  seven (7) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)

20  which states in pertinent part, "It shall be unlawful for any person within the

21  United States . . . to make any call (other than a call made for emergency

22  purposes or made with the prior express consent of the called party) using any

23  automatic telephone dialing system or an artificial or prerecorded voice — to any

24  telephone number assigned to a . . . cellular telephone service . . . or any service

25  for which the called party is charged for the call.

26      (b)   Upon information and belief, within four years prior to the filing of

27  this action, on no less than seven (7) occasions, Defendant willfully and/or

28  knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial

1  prerecorded voice or an automatic telephone dialing system and as such,
2  Defendant knowing and/or willfully violated the TCPA.

3      40.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is
4  entitled to an award of five hundred dollars ($500.00) in statutory damages, for
5  each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds
6  that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled
7  to an award of one thousand five hundred dollars ($1,500.00), for each and every
8  violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

9      41.    Plaintiff is also entitled to seek injunctive relief prohibiting such
10  conduct in the future.

## PRAYER FOR RELIEF

12      WHEREFORE, Plaintiff respectfully requests that judgment be entered
13  against Defendant for the following:

14      (a)    Declaratory judgment that Defendant's conduct violated the FDCPA,
15  RFDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

16      (b)    An injunction prohibiting Defendant from contacting Plaintiff on
17  Plaintiff's cellular telephone using an automated dialing system pursuant to 47
18  U.S.C. § 227(b)(3)(A); and

19      (c)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), CAL. CIV.
20  CODE § 1788.30(a) and 47 U.S.C. § 227(b)(3)(B); and

21      (d)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and CAL.
22  CIV. CODE § 1788.30(b); and

23      (e)    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1),
24  Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory
25  damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

26      (f)    As a result of Defendant's willful and/or knowing violations of 47
27  U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as
28  provided by statute, up to one thousand five hundred dollars ($1,500.00), for each

1   and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

2   227(b)(3)(C); and

3        (g)    Costs and reasonable attorney fees pursuant to 15 U.S.C. §

4   1692k(a)(3) and CAL. CIV. CODE § 1788.30(c); and

5        (h)    Awarding Plaintiff any pre-judgment and post-judgment interest as

6   may be allowed under the law; and

7        (i)    For such other and further relief as the Court may deem just and

8   proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 11, 2013       PRICE LAW GROUP, APC

By: _____

G. Thomas Martin, III
*Attorney for Plaintiff*

- 11 -

COMPLAINT FOR DAMAGES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE TO COUNSEL
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)

*The court has directed that the following rules be specifically called to your attention:*

I.   Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 11-06].

II.  Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)

III. Service of Papers and Process (Local Rule 4)

I.   **NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

*Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.*

This case has been randomly assigned to Magistrate Judge _____ under the Direct Assignment of Civil Cases to Magistrate Judge Program in accordance with General Order 11-06. The case number on all documents filed with the court must read as follows:

CV13-9162

The parties are advised that their consent is required if the above assigned magistrate judge is to conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Should the parties not consent to proceed before the above assigned magistrate judge, the case will be randomly reassigned to a district judge. If this occurs, the parties cannot later consent to reassignment of the case to any other magistrate judge.

The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. Except as provided in Local Rule 73-2.4.1.1, for cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 42 days after service of the summons and complaint upon that defendant, and within 42 days by plaintiff after service upon the first-served defendant. If the United States, an agency of the United States, or an officer or employee of the United States is a defendant, the statement of consent shall be filed by the government defendant within 60 days after service of the summons and complaint upon that defendant.

For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 14 days after the notice of removal is filed.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the case as the discovery judge. (Local Rule 73-2.6)

You may contact the Civil Consent Case Coordinator at (213) 894-1871 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about the Direct Assignment of Civil Cases to Magistrate Judges Program.

## II.   CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter re-file an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III.   SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

DEC 12 2013

_____
Date

Clerk, U. S. District Court

By   JULIE PRADO
_____
Deputy Clerk

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| BENJAMIN K. HABER<br><br>*Plaintiff*<br>v.<br>UNITED RECOVERY SYSTEMS, LP, and DOES 1<br>to 10, inclusive,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

CV13-9162 MAN

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

UNITED RECOVERY SYSTEMS, LP
5800 North Course Drive
Houston, Texas 77072

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ DEC 1 2 2013 _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                        *Server's signature*

                                            _____
                                                        *Printed name and title*

                                            _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

### I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

BENJAMIN K. HABER

### DEFENDANTS ( Check box if you are representing yourself ☐ )

UNITED RECOVERY SYSTEMS, LP, and DOES 1 to 10, inclusive

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)**

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC,   (818)907-2030
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)**

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No      **MONEY DEMANDED IN COMPLAINT:** $ according to proof

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fair Debt Collection Practices Act-15 U.S.C. §1692; Rosenthal Fair Debt Collection Practices Act, CAL. CIV. §1788; the Telephone Consumer Protection Act, 47 U.S.C. §227

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: CV13-9162

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _J. Thomas Mott_   DATE: 12/11/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |